FILED
FEB - 4 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Johnathan Johnson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-00178 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 2/4/2015 |
| United States of America, ) | Description: Pro Se Gen. Civil |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a New York state prisoner. He sues the United States for $36 million. The complaint arises from the alleged refusal of the Clerk of the United States Supreme Court to accept plaintiff's application for a writ of certiorari.

Under the doctrine of sovereign immunity, the United States is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text[.]"). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person,

would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). To the extent that the complaint presents a potential claim under the FTCA, jurisdiction is wanting because plaintiff has not indicated that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . .," 28 U.S.C. § 2675, and this exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: January 30th, 2015